ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORETTA GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-2624-JAR |
| AMERICAN RESOURCE ) | |
| RECEIVABLES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On Dec. 11, 2008, plaintiff filed her Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") (Doc. 1); summons was returned executed on Dec. 16, 2008 (Doc. 2). No Answer was filed by the January 5, 2009 deadline. On January 21, 2009, the Clerk entered default in this matter. The Court conducted a hearing on the issue of damages on April 20, 2009. As described more fully below, the Court grants plaintiff's Motion for Default Judgment (Doc. 13).

Plaintiff's prayer for relief includes actual damages, additional damages, and attorney's fees and costs under the FDCPA. It is well established that plaintiff bears the burden of providing evidence in support of her damages claim.[1] Under the FDCPA, a plaintiff may recover from a debt collector for failure to comply with the a provision of the FDCPA:

(1) any actual damage sustained by such person as a result of such

---

[1]*See, e.g.*, *Jennings v. Rivers*, 394 F.3d 850, 853 (10th Cir. 2005).

> failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.[2]

Actual damages can include out-of-pocket damages as well as damages for emotional distress.[3]

The only evidence of actual damages presented at the hearing was plaintiff's testimony about the emotional distress she suffered as a result of the FDCPA violation. Plaintiff testified that an agent of defendant called her and demanded payment in full on a loan, threatening to send the Sheriff to plaintiff's residence to arrest her. During the course of the phone call, plaintiff had given the caller her debit card information. Plaintiff testified that she saw a Sheriff's car in front of her house the next two days. The first time, the Sheriff was looking for a woman who had lived in the house prior to plaintiff and the second time, he went across the street to her neighbor's house. She testified that she suffered from knots in her stomach, was nervous, lacked an appetite, and was fearful of being arrested.

The Court credits plaintiff's testimony that she suffered emotional distress as a result of the FDCPA violation. However, the Court cannot find that the testimony supports the requested actual damages award of $15,000. "The purpose of the actual damages portion of the statute is

---

[2] 15 U.S.C. § 1592k(a).

[3] *Sweetland v. Stevens & James, Inc.*, 563 F. Supp. 2d 300, 303 (D. Me. 2008); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 850 (W.D. Ky. 2007); *Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 102 (D. Conn. 2005).

to fairly compensate the plaintiff, not to punish or deter the defendant."[4] Like the facts in *Sweetland*, there is no evidence of any special damages, there was only one phone call made, after which the calls ceased entirely, and her claim is based on emotional damages alone.[5] Based on the evidence presented at the hearing, the Court finds that an actual damages award in the amount of $2500 will fairly compensate plaintiff.[6]

The Court may also award additional damages, not to exceed $1000.[7] With regard to additional damages, the Court is to consider the following statutory factors: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance; and (3) the extent to which such noncompliance was intentional.[8] While defendant's conduct in this case was neither frequent, nor persistent, the nature of the noncompliance was egregious. Defendant threatened plaintiff with arrest. This conduct is explicitly prohibited by the statute and justifies imposing an additional award of $1000, for a total damages award of $3500.

---

[4] *Sweetland*, 563 F. Supp. 2d at 304.

[5] *Id.*

[6] *See id.* (awarding $2500 in default judgment case, rejecting $15,000 claim as not supported by the evidence); *see also Chiverton*, 399 F. Supp. 2d at 102 (awarding $5000 where there were repeated telephone calls, including calls to consumer's workplace, leading consumer to fear for his job and possible promotion); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61, 68–69 (E.D.N.Y. 1994) (awarding $1000 in actual damages where debt collector made false representation that there was a family crisis in China and that the Marshal was about to execute on a judgment, "pop the lock" to his home and remove his furniture); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 191–92 (D. Del. 1991) (reducing $15,000 jury award to $3000, where debt collector had sent four letters to the plaintiffs that violated the FDCPA). Plaintiff's reliance on *Caputo v. Prof. Recovery Servs., Inc.*, 261 F. Supp. 2d 1249 (D. Kan. 2003), is misplaced. There, the court found that a genuine issue of material fact precluded summary judgment on a tort claim for intentional infliction of emotional distress under Kansas law in the debtor-collector context. *Id.* at 1265–67. Additionally, in that case, there was evidence proffered by a psychologist, who was to testify about the psychological impact of threatening phone calls. The court merely held that a genuine issue of material fact precluded summary judgment. *Id.* No state law claim for intentional infliction of emotional distress was asserted in the Complaint in this matter.

[7] 15 U.S.C. § 1592k(a)(2)(A).

[8] *Id.* § 1592k(b)(1).

Finally plaintiff seeks attorney's fees.  The Court finds that a reasonable attorney's fee award is in order under the statute.  At the hearing, plaintiff's counsel represented that he should be awarded fees representing 8.1 hours of work at $250 per hour, plus costs.  However, plaintiff did not submit an affidavit accompanied by billing records in support of his fee request.  Therefore, the Court orders the clerk to enter judgment in the amount of $3500 plus costs and reasonable attorney's fees.  Plaintiff shall file an application for attorney's fees with the necessary attachments in accordance with Fed. R. Civ. P. 54 and the local rule.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Default Judgment (Doc. 13) is granted.  Judgment shall be entered for plaintiff in the amount of $3500 in addition to costs and reasonable attorney's fees.

**IT IS SO ORDERED.**

Dated:  <u>May 19, 2009</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE