ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORETTA GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 08-2624-JAR |
| AMERICAN RESOURCE | ) |
| RECEIVABLES, INC. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion and Memorandum for Order of Judgment Including Attorney's Fees and Costs (Doc. 15).  The Court previously granted plaintiff's motion for default judgment and found that plaintiff was entitled to a statutory award of attorney's fees (Doc. 14). In this motion, plaintiff submits counsel's time records and requests attorney's fees in the amount of $2325.00, representing 9.3 hours of work at a rate of $250 per hour.[1]

Once a party has established its entitlement to fees, the court must determine what fee is reasonable.  In determining reasonable attorney's fees, the court arrives at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[2] The applicant bears the burden of establishing entitlement to an award and documenting the

---

[1]Plaintiff has also filed a bill of costs (Doc. 16).  The Clerk of the Court will consider the bill of costs and costs will be taxed in a separate order.

[2]*Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

appropriate hours expended and hourly rates.[3]  Once an applicant has met this burden, the

lodestar figure is presumed to be a reasonable fee.[4]

In order for the applicant to satisfy its burden of proving the number of hours reasonably

spent on the litigation, the party must submit "meticulous, contemporaneous time records that

reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested

and how those hours were allotted to specific tasks."[5]  "The prevailing party must make a good-

faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary."[6]  The Court "is justified in reducing the reasonable number of hours if the

attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or

she utilized large blocks of time."[7]  The Court finds that plaintiff has submitted evidence that a

reasonable amount of time was spent on this litigation.  This litigation was resolved by default

judgment, and the 9.3 hours spent preparing the various pleadings and motions and participating

in a damages hearing is reasonable.

Calculating the lodestar also requires the court to examine the hourly rate requested by

the plaintiff, which is $250 per hour.  In examining the hourly rate, the court is to refer "to the

prevailing market rates in the relevant community."[8]  The relevant community is the place where

---

[3]*See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[4]*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[5]*Case*, 157 F.3d at 1250 (citation omitted).

[6]*Robinson*, 160 F.3d at 1280.

[7]*Id.* (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

[8]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

the litigation occurs.[9]  "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[10]  In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[11]

In this case, plaintiff has not provided any evidence establishing the prevailing market rate.  However, the Court finds, based on its own knowledge of prevailing market rates in the Kansas City area, that $250 per hour is reasonable.  Applying this rate to the number of hours reasonably spent, the lodestar figure is $2325.00 and the Court finds that an attorney's award in this amount is reasonable.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is entitled to reasonable attorney's fees of $2325.00.

Dated:  June 11, 2009

  S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9]*Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.*, No. 98-2153, 1999 WL 974027, at *4 (Aug. 25, D. Kan. 1999) (citation omitted).

[10]*Case*, 157 F.3d at 1256.

[11]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

[12]"The lodestar is the presumptively reasonable fee."  *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).  But "'[t]he product of reasonable hours times a reasonable rate does not end the inquiry,' however, of determining whether a fee is reasonable."  *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 434 (1983)).  The court may adjust the lodestar downward if necessary.  *Metz*, 39 F.3d at 1493.  This Court does not find that a downward adjustment is necessary under the circumstances of this case.